# EXHIBIT

# "A"

STATE OF MICHIGAN

IN THE WAYNE COUNTY CIRCUIT COURT

MARTHA R. GRABOWSKI,
                              Plaintiff,                    Case No.:

Vs.                                                        Hon.

WAL-MART STORES, INC., a foreign
corporation, d/b/a Wal-Mart Store #2417
                              Defendant.
_____

LAW OFFICES OF RONALD A. STEINBERG
Ronald A. Steinberg  P20956
Attorney for Plaintiff
30300 Northwestern Highway, Ste. 100
Farmington Hills, MI 48334
248/932-3230
_____

There is no other pending or resolved civil
action arising out of the transaction or occurrence
alleged in the complaint.

COMPLAINT
COUNT I

NOW COMES THE PLAINTIFF her attorney, Ronald A. Steinberg, and complains against the Defendant, saying:

1.      Plaintiff is a resident of Romulus, Wayne County, Michigan.

2.      Defendant is a foreign corporation, and does business as Wal-Mart Store #2417 at 1600 Anderson Road, Petosky, Emmett County, Michigan.

3.      This case arises out of an injury sustained in Defendant's store, when the Plaintiff sat in/or a display chair, which was placed within the store as a sample of product(s) available for sale, and was made convenient and accessible to customers, such as Plaintiff.

4. Following the accident herein, all of the Plaintiff's treatment for injuries sustained in the accident was provided by healthcare providers within the Henry Ford Health System, at facilities in Dearborn, Canton, and Plymouth, Michigan.

5. The most convenient forum for litigating this case would be within the Wayne County Circuit Court, since the Plaintiff, the person who accompanied her at the time of the accident, and all treating doctors are located within Wayne County; there were no other eyewitnesses to the accident, either employees of the Defendant or other customers who would have ties to Emmett County, the county in which the defendant's store happens to be located.

6. The sum in controversy exceeds $25,000, and the jurisdiction is otherwise properly vested in this court.

7. At all times material, the Defendant owed a duty to the public, and specifically to the Plaintiff, to provide reasonably safe premises to persons lawfully on the property.

8. On September 12, 2009, the Plaintiff was lawfully on the premises of the Defendant, when she saw a chair being offered for sale, which was on display; when she attempted to sit in the chair, the chair collapsed, and she fell to the floor and sustained injuries and damages set forth more fully below.

9. Then and there, the Defendant breached the duty it owed to the Plaintiff in a manner which includes but is not limited to the following:

a. Failing to develop a program by which its premises, including the structure herein, were inspected on a reasonably frequent basis,

and in a reasonably careful manner in order to discover defects and/or defective conditions which existed.

b. Failing to inspect the premises in a reasonable and periodic basis to look for defects or defective conditions that existed.

c. Failing to instruct employees to follow an inspection program either in terms of the frequency or the degree of inspections.

d. Failing to hold employees accountable for the performance of the inspection process.

e. Failing to supervise employees to ascertain that they were performing the inspection process.

f. Failing to notify customers of defects and/or defective conditions that existed on the premises.

g. Failing to repair defects and/or defective conditions that existed on the premises within a reasonable time of discovering them, if in fact an inspection occurred.

h. Negligence in the selecting of a product to sell, which product was not capable of sustaining the weight of a person attempting to sit in/on it.

i. Negligence in the erecting of a chair, so that it was not able to withstand the weight of a person attempting to sit in/on it.

j. Placing on display, and offering for sale a chair which had a weight limit, without clearly warning potential customers of the weight limit.

k. Purchasing a product to be offered for display and for sale which was manufactured by a company that manufactured shoddy or poorly designed/manufactured products.

l. Negligence in the inspection of a purchased item, and in placing for display and sale an item which was defective.

m. Plaintiffs specifically reserve the right to amend their complaint in conformity with evidence derived through discovery.

10.    As a direct and proximate result of the breaches of duty and contract set forth above, the Plaintiff suffered the injuries stated above.

11.    As a direct and proximate of the above breaches of duty, and the resultant trip and fall, Plaintiff suffered severe shock and serious injury to the muscles, ligaments, nerves, discs, bones, organ, and organ systems of the head, face, neck, back, body, shoulders, arms and legs; predisposition to reinjury and arthritis; aggravation and exacerbation of pre-existing injuries and disabilities.

12.    Prior to the incident, Plaintiff was a reasonably strong, healthy person, but because of the above stated breaches of duty and the resultant injuries, the Plaintiff became ill, sore and lame; Plaintiff suffered and will continue to suffer pain, humiliation, embarrassment, mental anguish, gross indignity and inconvenience because of the permanent nature of the injuries.  Further, Plaintiff has been caused to submit to extensive medical care and treatment, including hospitalization, and will in the future be caused to submit to more of the same; Plaintiff has further been restricted and impaired in the normal social, leisure and domestic activities, and will in the future be so restricted and impaired.

WHEREFORE, Plaintiff Martha R. Grabowski prays for a judgment against the Defendant in an amount which is fair and just and in accordance with the evidence at trial, together with costs, interest and attorney fees.

LAW OFFICES OF RONALD A. STEINBERG

By: Ronald A. Steinberg  P20956
Attorney for Plaintiff
30300 Northwestern Highway, Ste. 100
Farmington Hills, MI 48334
248/932-3230

Dated: March 4, 2006