

# UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

**KINIKIA D. ESSIX**
COURT ADMINISTRATOR
PHONE: 313-234-5051
FAX: 313-234-5399

539 THEODORE LEVIN UNITED STATES COURTHOUSE
231 W. LAFAYETTE BOULEVARD
DETROIT, MICHIGAN 48226
www.mied.uscourts.gov

DIVISIONAL OFFICES
ANN ARBOR
BAY CITY
FLINT
PORT HURON

January 12, 2022

Ronald A. Steinberg
Law Offices of Ronald Steinberg & Associates PLLC
35463 Woodfield Drive
Farmington Hills, Michigan 48331

In Re: *Martha Grabowski v. Wal-Mart Store, Inc..*, Case No. 10-cv-13714

Dear Counsel,

It has been brought to the Court's attention while Judge Julian Abele Cook, Jr. presided over the above captioned case, he owned a small amount of stock in Wal-Mart, Inc. Although Judge Cook is deceased and cannot personally indicate such, there is an expectation that his ownership of stock neither affected nor impacted his decisions in the case. But his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Chief Judge Denise Page Hood directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned even though that may occur after entry of a decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplates disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar consideration would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

Letter Re Case No. 10-cv-13714
January 12, 2022
Page 2

With Advisory Opinion 71 in mind, you are invited to respond to the Court's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 4, 2022. Any response will be considered by another judge of this court.

Sincerely,

Kinikia D. Essix
Court Administrator